## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **MICHAEL FRUGÉ** | ) |
| | ) |
| Vs. No. _____ | ) |
| | ) |
| **WESTLAKE CHEMICAL CORP.** | ) |

## COMPLAINT

The complaint of MICHAEL FRUGÉ d/b/a Michael Frugé Photography, Plaintiff, on information and belief, shows:

### Parties

1.

The Plaintiff MICHAEL FRUGÉ is a natural person of the age of majority residing in the city of Lake Charles in the Western District of Louisiana and doing business as Michael Frugé Photography which is a sole proprietorship.

2.

Made defendant herein is WESTLAKE CHEMICAL CORPORATION, a corporation organized under the laws of the State of Delaware and having its principal place of business in the city of Houston in the Southern District of Texas.

### Jurisdiction

3.

Exclusive federal jurisdiction lies under 28 USC §1338(a) over such claims stated herein as may be deemed to be arising under the U.S. Copyright Act of 1976, 17 USC §101 *et seq.*, as amended and supplemented.

1

4.

The U.S. District Court's ancillary jurisdiction is hereby invoked as to state law claims, arising under the facts herein stated, that might not otherwise satisfy the requirements of 28 USC §1332. Plaintiff shows that federal jurisdiction is also exclusive as to state law claims turning on interpretation or application of the Copyright Act.

5.

Alternatively, jurisdiction lies under 28 USC §1332 in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds US$75,000.00 (Seventy-Five Thousand and No/100 Dollars) in the aggregate.

**Venue**

6.

Venue lies in this district in this civil action against the Defendant, WESTLAKE CHEMICAL CORPORATION who has its principal business office in the City of Houston in the Southern District of Texas, in that a substantial portion of the events giving rise to the claims occurred in this district, and/or a substantial portion of the property that is subject of the action is situated in this district, all within the meaning of 28 U.S.C. §1391 (b)(2), and in that the Defendant has sufficient contacts with this division otherwise to subject the Defendant to this court's jurisdiction within the meaning of 28 U.S.C. §1391(b)(3).

**Facts Common to All Claims**

7.

Defendant was founded by Mr. T. T. Chau of Taiwan in 1986. Since 2004 Defendant is publicly traded under New York Stock Exchange symbol WLK.

8.

Defendant's core business is the production of olefins and vinyls at thirteen operating sites in the United States, five in Germany, and one each in Canada, China, and the United Kingdom., according to its official web site at the time of filing of this complaint.

9.

Defendant is one of numerous interrelated business entities and joint ventures under similar and other names, including but not limited to the following having their principal business offices at 2801 Post Oak Blvd., Ste. 600, Houston, TX 77056: Westlake Chemical OPCO, LP; Westlake Chemical OPCO GP, LLC; Westlake Chemical Partners GP, LLC; and Westlake Chemical Partners, LP.

10.

Defendant's founder Mr. T. T. Chau of Taiwan, his family members, and other investors, some of whom have been photographed by Plaintiff at Defendant's request, are likewise financially involved in affiliated companies, partnerships, and joint ventures globally.

11.

Since the late 1980s, Plaintiff has rendered photographic services to Defendant on a per-order and open account basis.

12.

During the course of dealings between Plaintiff and Defendant over the years, Plaintiff has created at the request of Defendant images numbering in the low hundreds of its plant facilities, and images numbering in the low thousands at its corporate events.

13.

Plaintiff's photography involves his particular skill, judgment, equipment, style, and art

for the creation of each final, vetted image rendered by him.

14.

As pertains to any and all of his dealings with Defendant, Plaintiff became the owner of each image he created at the time of its creation by the fact thereof under the federal Copyright Act.

15.

Plaintiff has never entered any written "work made for hire" agreement with Defendant, either for individual images, or for his output of images of Defendant's photographic subjects.

16.

At no time has Plaintiff been a payroll employee, or any other kind of employee, of Defendant, but at all times was an independent sole proprietorship engaged as vendor or contractor to Defendant on a per-job basis.

17.

At no time has Plaintiff entered any contract of conveyance of title of any of the images he created to Defendant.

18.

Defendant is not the owner of any image created by Plaintiff.

19.

Plaintiff has become aware that Defendant has used some of Plaintiff's images without required licensing from Plaintiff, and without prior notice to Plaintiff.

20.

At all times, the course of dealings between the parties was that Plaintiff would license his images of Defendant's subjects on a per-use basis, within a specified geographic area, and for

a limited time, with one exception, namely, a contract for multiple images at Defendant's Coatings Division in which an extended time of use was granted for a higher licensing fee.

21.

At times material to these claims, Defendant failed to index or track which images in its archives or possession were created by each separate photographer or photography firm.

22.

At times material to these claims, Defendant failed to establish an internal system or practice for distinguishing between images it owns and images it does not own.

23.

Defendant, without notice to or license or consent from Plaintiff, has provided images belonging to Plaintiff to Defendant's owned or affiliated companies who have used them in support of their various commercial activities in sundry U.S. and alien jurisdictions.

24.

Defendant has treated Plaintiff's images as if they were Defendant's own, without any written title reasonably justifying any such conduct or belief.

25.

After Plaintiff became aware of Defendant's unauthorized uses of some of his images and made objection thereto, Defendant sought to place the onus on Plaintiff to produce his entire inventory of images, rather than Defendant simply acknowledging which images it knowingly received from Plaintiff over the years and thereafter used at various times and in various places unbeknownst to Plaintiff and without his license or consent.

26.

Based upon Defendant's refusal or claimed inability to identify its own uses and

disseminations of Plaintiff's property, Plaintiff believes that compulsory process for responses under oath will be necessary to secure Defendant's reasonably complete and good faith disclosure of its unauthorized uses of Plaintiff's property, and to identify Defendant's affiliated or other entities to whom Defendant has passed any of Plaintiff's proprietary images, and the uses made of them, including time and place, and of any derivative works made by the Defendant or at the behest or permission of the Defendant, and/or by affiliates or others, as a result of Defendant's actions, errors, and/or omissions.

27.

In at least one instance of which Plaintiff is currently aware, Defendant caused another vendor of photography services to create an image that is in fact is a derivative work relative to an image known by Defendant to have been created by and to belong to Plaintiff.

**First Cause of Action: Contract or Quasi-Contract**

28.

Under applicable state law, surrogate federal law, the course of dealings between the parties, and the customs and usages of the intellectual property industry, Plaintiff is entitled to discover what unauthorized and excess uses Defendant has made of his proprietary images, and to receive contractual or quasi-contractual damages or other compensation for same, including customary surcharges for unauthorized and excess use vis-à-vis ordinary pricing, and consequential damages including those incurred in the process of determining the full nature and extent of the unauthorized and excess uses, including reasonable attorneys' fees as provided by law, and legal interest until paid in full.

## Second Cause of Action: Collection of Debt on Open Account

29.

Under applicable state law, and after opportunity to discover herein the full nature and extent of the unauthorized and excess uses by Defendant of his intellectual properties, Plaintiff is and will be entitled to invoice Defendant on open account in the manner and at the rates customary for unauthorized and excess uses of intellectual properties subsequently discovered by the owner of them, and in default of full and timely payment thereof by Defendant, to collect the principal plus interest and reasonable attorneys' fees in accordance with law.

## Third Cause of Action: Copyright Infringement

30.

Defendant's unauthorized and excess uses of Plaintiff's proprietary images as set forth in Paragraphs 7 through 26 above constitute infringement of Plaintiff's rights under the Copyright Act.

31.

Defendant's having caused another to render an image derivative of one of Plaintiff's proprietary images, and having used same in commerce, constitutes infringement of Plaintiff's rights under the Copyright Act.

32.

Plaintiff is entitled to actual damages for each copyright infringement and to the profits of Defendant as infringer with respect to each infringement and the cumulative and total effect thereof.

33.

To the extent the Defendant made unauthorized or excess uses of any of Plaintiff's proprietary images that were registered with the Copyright Office, Plaintiff is entitled to elect prior to judgment herein that he be awarded statutory damages for same under § 504 (c) of the Copyright Act, including increased statutory damages for all such infringements shown herein to have been committed willfully.

34.

Plaintiff is entitled to and desires judgment against Defendant include his reasonable attorneys' fees as part of the awardable costs under § 505 of the Copyright Act.

35.

Plaintiff is entitled to and desires, affirmative injunctive relief in the form of impounding and destruction of all prints, slides, posters, banners, videos, and brochures, digital image files, negatives, and other renderings or reproductions of his proprietary images however stored, and of any works derivative of same, in the possession of Defendant and/or the other entities under its control.

36.

Plaintiff is entitled to and desires, negative injunctive prohibiting the Defendant, its officers, directors, agents, and employees and all others in active concert or participation with them who receive actual notice thereof from any further infringing activity with respect to his propriety images and of any works derivative of same.

37.

Plaintiff is entitled to and desires trial by civil jury of all issues so triable.

8

/

## Prayers for Relief

WHEREFORE, the Plaintiff MICHAEL FRUGÉ d/b/a Michael Frugé Photography prays that after the Defendant WESTLAKE CHEMICAL CORPORATION is cited and served to answer hereunto, due proceedings be had, and that there be judgment against the Defendant and in favor of the Plaintiff in the full and true sum of $550,000.00 compensatory damages, or alternatively, contract damages, or such other amount as the evidence and law shall indicate, plus punitive damages, penalties, interest, and reasonable attorneys' fees as may be due in accordance with law, and, or alternatively, for any other relief, including injunction, to which he may be due in the premises. Plaintiff further prays for trial by civil jury of all issues so triable.

Respectfully submitted,

By: _/s/ Edward King Alexander, Jr._
Edward King Alexander, Jr.
Federal ID No. 424726; La. Bar. No. 18091
Alexander Law Group, PLC
P. O. Box 3757 / 1032 Ryan Street
Lake Charles, LA 70602-3757

Counsel for:
MICHAEL FRUGÉ d/b/a Michael Frugé Photography,
Plaintiff